IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
*Plaintiff,*

*v.*

**ALEXIS D. NEGRÓN-CRUZ,**
*Defendant.*

**Case. No.: 11cr229-FAB**

**MOTION REQUESTING ORDER TO RETURN PROPERTY**

This motion asks the court to reconsider its January 21, 2025 line order granting a request by probation to "dispose and/or destroy the mobile devices that were seized from" Mr. Negrón. ECF Nos. 562 (probation officer motion), 563 (line order).

**RELEVANT PROCEDURAL BACKGROUND**

While on supervised release, Mr. Negrón has been subject to conditions that regulate his access to internet-enabled mobile devices. Mr. Negrón is presently in custody serving a 24-month sentence imposed by this Court after revocation and sentencing. He is also challenging the condition under which his devices were seized by probation. *See* Opening Br. in 1st Cir. No. 23-1976. We're awaiting transcripts and a briefing schedule in subsequent appeal in 1st Cir. No. 25-1017, which was filed after this Court's sentencing hearing on December 18, 2024. *See* ECF No. 555.

Following the hearing, we contacted USPO José Lozada by email to provide him the phone number of a friend of Mr. Negrón who can pick up Mr. Negrón's property, which is held by probation and the homeless shelter previously contracted by probation.

After making phone contact with Officer Lozada, our office staff emailed him on January 14, 2025, indicating that Mr. Negrón would be authorizing a specific contact to retrieve his property. Neither Officer Lozada nor any other official from probation stated any issue regarding Mr. Negrón's electronic devices, which had been inspected by probation and were found not to contain any unlawful content.

A week later, however, probation filed a written request alleging that someone at probation had "catalogued" an unstated number of items as contraband. ECF No. 562 at 2. The motion further alleged that "[c]urrently there are no judicial proceedings pending against Mr. Negrón-Cruz." ECF No. 562 at 2.

Then, apparently due to the stated "contraband" determination, the motion asked the Court to "allow[]the Probation Office to dispose and/or destroy the mobile devices that were seized from Mr. Negron-Cruz, and that remains under the custody of the U.S. Probation Office." ECF No. 562 at 2. To justify the request, the motion added a claim that "[n]one of the seized items will be used for further judicial action." ECF No. 562.

The motion doesn't appear to provide any source of legal authority in support of its request to destroy an unspecified number of items.

Because the motion was granted less than four hours after probation filed it, we were not able to file a response. Nevertheless, in anticipation of a response, we wrote to USPO Lozada, inquiring, in part, whether, in lieu of destruction, probation could "return this property to [J.P., tel. no. omitted], who agreed to accept Mr. Negrón's property? He could then hold onto the devices until the monitoring software is installed or the monitoring condition is altered or removed."

Just before this Court ruled on the motion, Officer Lozada wrote back, stating, "We do not object for the cellphone devices to be return[ed] to Mr. [J.P.], if the Court order the USPO."

The motion, though, was ruled on before we could file a stipulation that would have mooted probation's motion. As such, out of caution, we wrote to probation again asking that probation preserve the subject property while we sought an alternative course of action from the court.

Officer Lozada promptly answered in the affirmative: "We can preserve Mr. Negron's property until the situation is challenged and resolved by the Court." This request follows.

## BASIS FOR THE REQUEST

Generally, revisitation of an order "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Municipality of San Sebastian v. Puerto Rico*, 116 F. Supp. 3d 49, 53 (D.P.R. 2015) (Besosa, J.).

1. **THE PARTIES' POSITIONS SUPPORT RETURNING THE PROPERTY.**

Revisiting the destruction order is warranted in light of the parties' positions, the material facts, and applicable law. Most simply, there is a practical solution that would moot probation's request: probation itself does "not object for the cellphone devices to be return[ed] to" Mr. Negrón's contact in the community. This would be a pragmatic solution as digital phones are not per se prohibited for Mr. Negrón.

As mentioned, the items could be held by a third party until probation's software provider can start monitoring them or until the condition is altered or removed.

2. **THE FACTS SUPPORT RETURNING THE PROPERTY.**

Contrary to statements in the probation's motion, proceedings are ongoing, so the phones should not be permanently catalogued as contraband. The outcome of the appeal could provide Mr. Negrón unrestricted access to the subject devices even if they must be held by a third party for now or returned only with software installed.

3. **THE LAW SUPPORTS RETURNING THE PROPERTY.**

Probation's motion cites no source of positive law or precedent holding probation can label an otherwise innocuous device contraband and destroy it. Neither the government nor probation moved for forfeiture under any source of law or authority. Hence, the revocation judgment does not provide for forfeiture. ECF No. 556.

While there are three types of asset forfeiture—criminal forfeiture, civil judicial forfeiture, and administrative forfeiture—probation does not argue any of these is appropriate for items taken temporarily by a probation officer charged with enforcing technical supervised release conditions. The phones were not related to a criminal indictment and were not derived from or used to commit an offense. So probation would have no basis to file suit *in personam* or *in rem*. Aside from the apparent lack legal authority to effectuate such a forfeiture, the present actions wouldn't meet the essential protocol of any forfeiture process to provide notice and assess whether the asset was connected to criminal activity. Here, no notice was given to Mr. Negrón before probation's pleading.

## CONCLUSION

For these reasons, the Court should vacate the order allowing destruction of any of Mr. Negrón's property. In turn, the Court should issue an order permitting a designated person to retrieve Mr. Negrón's property or requiring probation and its contractors to retain the property until his release.

Alternatively, any party seeking forfeiture of Mr. Negrón's belongings should be required to provide authority to do so and comply with all requisite safeguards that apply to forfeiture proceedings.

**WHEREFORE,** it is respectfully requested that the Court grant this motion.

**RESPECTFULLY SUBMITTED.**     January 30, 2025

**RACHEL BRILL**
Federal Public Defender,
District of Puerto Rico

**S/KEVIN E. LERMAN\***
Research & Writing Attorney
USDC-PR No. G03113
241 F.D. Roosevelt Ave.
San Juan, P.R. 00918-2441
Tel. (787) 281-4922, Fax (787) 281-4899
E-mail: Kevin_Lerman@fd.org

**\*CERTIFICATION:** I ECF-filed this motion, notifying all parties of record.